Thank you, Your Honors, for your time and your consideration to hear my argument. This is a really simple case. It comes down to basically three points. The first is procedural. The second is the national implication of supporting this decision. And the third is the personal impact, the unfair impact it has had on myself. Procedurally, when the district court chose to disbar me, they didn't follow a single rule as outlined either in the local rules of the U.S. District Court in Oregon or any of the case law rules. I was not given proper notice. In fact, the initial notice wasn't even clear whether it was directed at me or the defense counsel. Well, let me ask you something. Suppose you had notice. What could you have shown? What kind of defense, so to speak, would you have put on? I apologize, Your Honor. I could not hear you. If you had notice, what would you have done? What kind of defense could you have put on? The first defense I would have brought on, Your Honor, is I would have brought the chief justice, the former chief justice of the U.S. District Court and the admissions clerk and asked pointedly if I was going to later be subject to summary disbarment, then why? As I understand it, apparently you wrote to the chief judge about this matter, right? The current chief justice. The former chief judge or the current? No, Your Honor. I wrote the current chief justice. But you never got a response? No, Your Honor. Who was the chief judge at the time? Who was the chief judge at the time of your admission? I don't know, Your Honor. I'm sorry. There was a transfer of the chief judge right on top of that, and the clerk could not identify which of the chief justices admitted me. Which two would it have been?  I'm sorry. I mean, do you have some information or some suspicion that whoever it was would have said something that would have amounted to, I don't know, some kind of dispensing with the rules in your case? Yes, Your Honor, I do. I don't believe that it's within the purview of a U.S. District Court to grant admission to an attorney where there was no collusion, no lies, no nothing, and then allow him to practice for over eight years, confirm to sister courts and the Supreme Court that he's a member in good standing, and then to summarily allow a district court judge to simply say, I'm sorry, I don't agree with the chief justice's decision, and you're disbarred. That's sort of like an estoppel argument, isn't it? Let me ask you with respect to the order in this case or the proceedings in this case. As I understand it, the judge involved here sort of gave you a period of time to take the Oregon bar, right? Yes, Your Honor. And did you do that? I had no choice at that time to do it. Literally simultaneously with the meeting with the district court judge, I received a letter from the Oregon State Bar that someone had filed a claim against me that I was practicing law without a license. We showed the bar within 48 hours that this was a blackmail attempt from a contractor on the coast to prevent me from filing a civil case. He was disrupting my legal practice. The investigator knew this. It still took the Oregon State Bar 16 months to finally exonerate me from this, and I couldn't act. I could not apply to take the bar until that was cleared. Well, so since that time, have you taken the bar again? They just cleared me in December, Your Honor. No, Your Honor, I haven't, and I can't now. I have contacted the Washington Bar, I contacted the Oregon Bar, and I contacted the bar in Washington, D.C. for reciprocation to the Washington Bar. I have been told, along with the bar of the appellate court here, that I am no longer eligible to take the bar because I've been disbarred. I'm in a catch-22. I can't correct what has been done. Your Honor. Yes, Your Honor. I know you're upset about this, and I would be. I apologize, Your Honor, if there's any emotion at all. I would be upset, too, which is always why it's usually a good idea not to be your own lawyer, particularly in a matter that is of significance. So if this matter continues, let me just give you my personal advice, that you ought not to be your own lawyer on this matter. You're just too wrapped up in it. Okay? There's some issues here that need to be dealt with, sort of cold, hard issues of law. Yes, Your Honor. You are getting too wrapped up in this. Okay? Yes, Your Honor. So the answer to Justice Schumer's questions are you, in fact, have not taken the bar in Oregon? No, Your Honor. You have not applied to take the bar or sat for the bar? Yes, Your Honor. I have tried. I went to the Oregon bar. I asked them, and they informed me that I was no longer eligible to take the bar. Because you were disbarred where? Because I was disbarred in April 2010 by the district court. By the district court here? Yes, Your Honor. Which is the order you are now appealing? I'm sorry, Your Honor. Which is the order you are now appealing? Yes. Okay. Let me ask you this. I'm looking at the Oregon rules. Do you have the Oregon rules in front of you? No, I don't, Your Honor. Which Oregon rule are you referring to? The order to show cause rule. You don't have it? Oh, yes. I do have a copy of the order to show cause, Your Honor. No, not the order to show cause. The rule governing the order to show cause. I apologize, Your Honor. I barely can hear you. The rule governing the order to show cause. Let me see what the rule number is. It's local rule 83-6. Yes, Your Honor. Do you have that? I don't have it exactly, but I do have the components of it. Yes, Your Honor. Okay. The way I read the rule, 83-6B, is that the order to show cause needs to be issued by the clerk. Yes, Your Honor. Was that, is the order to show cause here? No, Your Honor. Okay. And also, if I look at 83-6 sub 3 is, or if I look at 1, 2, and 3 and 4, if I look at the entire section, the way I understand it to be is that if there is no response to the order to show cause, then the clerk can just enter an order disbarring the lawyer or removing the lawyer. But if there is a response, the chief judge assigns the case to a judge or special master to conduct a hearing. Was this done in this case? Did the chief judge act on a, appoint a judge or special master to hold a hearing? No, Your Honor. When I look at 83.6, it seems to be applicable only in the circumstances listed in 83.6A. Can you tell me which of those sections your case fell into? It's, every attorney has an affirmative duty to notify the chief judge within 14 days after they have been suspended or disbarred, been convicted of a felony, resigned from the bar, while under investigation, or been notified of a change in their admission status. And then the order to show cause relates back to those four events. How would you characterize what happened to you in which of those four categories? None, Your Honor. I am in a unique, absolutely unique case. As far as I can see from all my research, no attorney has been disbarred in this situation. The only applicable disbarment rules are those. So I can only assume that in any form of disbarment, those are the rules that would apply. But I agree with the court, I don't fit into any of those categories. Thank you. Does a single judge have authority to disbar a lawyer, to remove a lawyer from practice before the district court? Does a single district judge have authority to do that? The only evidence that I could find for a summarily dismissal, Your Honor, a disbarment, is in situations where, and the cases are very limited, but basically one where the attorney has physically threatened or committed violence against the court, or in situations where the attorney's conduct was so. You have cases? There is one, it's a district case in Utah, Your Honor, where the attorney apparently took, made threatening comments to the judge. But it's not a published opinion. The only other case that I'm aware of is again a district case, it's not an appellate case, where the attorney was basically swearing at the judge. Well, those are ethical or conduct issues. This was really an eligibility issue, right? There wasn't any conduct issue, was there? There are no cases, Your Honor, there's none. They simply don't exist. Even though there are several thousand attorneys in the United States, probably, who are in the same position as me. They've either been admitted because the Chief Justice waived that requirement, or they are currently members of the U.S. District Court, where there was not an underlying requirement initially, but that's later been imposed as a later rule. Like gallows, you're thinking of? Yes, Your Honor. In fact, of the three attorneys that were working on the Estes Banfield case, the underlying case, two of them, myself and the Estes Chief Counsel, both are admitted to federal district courts, in his case, Texas, where Florida was his base admission, where he's not a Texas attorney, even though there is a rule there that says you have to be a member. Are you still admitted to practice? Are you admitted to practice in another state? Yes, Your Honor. I'm a licensed attorney in California. I'm admitted to all the district courts. And you're in good standing in California? Yes, Your Honor. I have never had any disciplinary action in any court to which I've admitted, right up to the Supreme Court. Now, when you say that Oregon won't let you take the bar because you've been disbarred, was that in writing? Again, I'm sorry, Your Honor. You say Oregon won't let you take the bar. No, Your Honor. That's correct, Your Honor. The admissions department has advised me that there's no point in me applying to take the bar because I have been disbarred by a federal court. Was that in writing? Was that in writing? No, Your Honor. It was by phone. All my communications, including that with the admissions department of the Ninth Circuit, have been orally over the phone. I'm sorry, admissions department of the Ninth Circuit? Who is that? When I first filed this brief, the requirement for an attorney is that he seek admission to the Ninth Circuit. I assumed that applied to me. I contacted the admissions department of the Ninth Circuit and was told that I was not eligible to apply because I had been disbarred. I see. So you filed the brief, per se. Yes, Your Honor. Okay. There will be no further questions, and since there's no one on the other side, I think we'll take the case under submission. Thank you, Mr. Carlin. Thank you very much for your time and consideration, Your Honors.
judges: Kozinski, Tashima, Ikuta